UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Quentin Marguise Sullivan, | ) | C/A No. 4:11-2045-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Anthony Padula, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On January 3, 2011, Petitioner filed a motion entitled "Petitioner's Motion for Motion to Leave to Stay In Abeyance" in this action. (Doc. #27). Specifically, Plaintiff requests that the court "leave the Habeas Corpus Petition and to return to the State Court level to exhaust his claim raised in Ground Two (2) of the Habeas Corpus Petition." (Id.). Specifically, Petitioner asserts the PCR court failed to rule on the issue now raised in his petition as Ground Two. Petitioner contends the PCR counsel caused undue prejudice by failing to compel the PCR court to alter or amend its order of dismissal, after corresponding to the Petitioner that she would make sure each ground was ruled upon that was raised at the Evidentiary Hearing. Petitioner argues that the claim of ineffective assistance of counsel could have been raised in the state court level but the PCR court failed to rule on the claim raised before it and PCR counsel filed to "compel the PCR court to Alter or Amend its Order of Dismissal" so that Petitioner could not fully exhaust his claim raised in Ground Two of his habeas petition. (Doc. #27). In his petition, Petitioner asserts the PCR judge failed to rule on the issue raised in Ground Two of his petition and that his PCR attorney "failed to file a Rule 59(e) to amend this issue." (Petition).

Respondent filed a response to the motion on January 20, 2012, asserting that Petitioner's argument for a stay is "predicated solely upon original PCR counsel's ineffective assistance in failing

to raise all seven issues on certiorari." (Doc. # 31, p. 2). Respondent argues Petitioner has not shown good cause under Coleman and Maples v. Thomas, ___S.Ct. ____, ___, Op. No. 10-63, 13 (U.S.S.Ct., Jan. 18, 2012). Respondent contends that Petitioner does not meet the exception to overcome procedural default. Thereafter, Petitioner filed a reply to the response on January 30, 2012.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. Id. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. Id. The Court recognized, however, that applying the "stay and abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. Rhines, 544 U.S. at 278.

Petitioner alleges that in Ground Two, which asserts a claim for ineffective assistance of counsel, was not ruled upon by the state courts, his PCR counsel failed to file a Rule 59(e) motion to amend, and Petitioner wishes to return to state court to have the issue ruled upon. To the extent Petitioner now seeks to stay consideration of this petition to return to the state courts to "properly" exhaust these claims, Petitioner does not meet the "good cause" requirement of Rhines. While Petitioner claims his PCR counsel failed to "compel" the PCR court to alter or amend its order when it failed to address the issues raised at PCR, the fact that his PCR counsel may have been negligent does

2

not qualify as "cause." See Coleman, 501 U.S. at 753. [1] Accordingly, it is recommended that Petitioner's motion to stay his habeas corpus petition (Doc. # 27) so that he can return to state court to exhaust this issue of ineffective assistance of counsel be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 14, 2012
Florence, South Carolina

---

[1] Rhines is inapplicable if the petition is not a mixed petition of exhausted and unexhausted claims. The claims in a petitioner's § 2254 Petition may have been exhausted if petitioner timely pursued a direct appeal and his one PCR action as a matter of right. A claim may be technically exhausted if it is too late to return to state court. If a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).