UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Quentin Marguise Sullivan, | ) | C/A No. 4:11-2045-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Anthony Padula, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Quentin Marquise Sullivan (Petitioner/Sullivan), is currently incarcerated at Lee Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 8, 2011. Respondent filed a motion for summary judgment on March 15, 2012, along with a return, supporting memorandum and exhibits. (Docs. #46 and #47). The undersigned issued an order filed March 16, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #48). Petitioner filed a response in opposition on April 19, 2012. (Doc. #56).

**PROCEDURAL HISTORY**

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

verbatim, in part.

Petitioner, Quentin Marquise Sullivan, #324897 (Sullivan), is presently confined in the Lee Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Greenville County conviction and sentence. The Greenville County Grand Jury indicted Sullivan at the October 2006 term of court for armed robbery (2006-0S-23-9362, count 1, App. 20-21); possession of a weapon during the commission of a violent crime (2006-0S-23-9362, count 2); second-degree burglary (violent) (2006-0S-23-9363, App. 24-25); and two counts of kidnapping (2006-0S-23-9364, -9365, App. 27-28; 30-31). Daniel J. Farnsworth, Esquire, represented him on these charges.

On October 31, 2007, he pleaded guilty before the Honorable Edward W. Miller. Judge Miller sentenced him to concurrent sentences of twenty-five years imprisonment for armed robbery; five years for possession of a weapon during the commission of a violent crime; fifteen years for second-degree burglary (violent); and twenty-five years for each count of kidnapping. App. 1-19; 22-23; 26; 29; 32. Sullivan did not appeal his convictions or sentence.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (08-CP-23-3857) on May 23, 2008. He alleged the following grounds for relief in his Application:

1. Ineffective assistance of counsel. My lawyer wrongfully advised me.
2. Involuntary guilty plea.
3. Coercion.

App. 33-40. The State made its Return on August 4, 2008. App. 41-47.

The Honorable John C. Few held an evidentiary hearing into the matter on February 25, 2009, at the Greenville County Courthouse. Petitioner was present at the hearing, and Susannah C. Ross, Esquire, represented him. Assistant Attorney General Karen C. Ratigan represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Farnsworth.

App. 48-88.

Judge Few likewise had before him "a copy of the transcript of the guilty plea hearing, the records of the Greenville County Clerk of Court, the Applicant's records from the South Carolina Department of Corrections, the [PCR] application . . . , and the Respondent's return." Additionally, Judge Few held the record open for thirty days after the hearing, for PCR counsel to obtain an affidavit from Petitioner's mother. PCR counsel later filed an affidavit from Ms. Janie Sullivan that was notarized on March 9, 2009. Order, App 90 & n. 1.

On July 14, 2009, Judge Few filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Sullivan's claims that (1) trial counsel was ineffective because counsel failed to properly investigate his case; (2) trial counsel was ineffective because counsel did not consult with him about an appeal and perfect an appeal; and (3) he entered an involuntary guilty plea. App. 90-98.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Katherine H. Hudgins represented him in collateral appellate proceedings. On February 1, 2011, the Court filed an Order denying Petitioner's request to submit a *pro se* brief. On April 5, 2010, Petitioner filed a Petition for Writ of Certiorari through counsel. The only Question Presented in the Petition was stated as follows:

> Did the PCR judge err in refusing to find counsel ineffective for not objecting when the State recommended a 25 year sentence but counsel advised petitioner that the pleas were being entered without recommendation?

Petition for Writ of Certiorari at p. 2.

The State filed a Return to Petition for Writ of Certiorari on May 13, 2010. The South Carolina Supreme Court filed an Order denying certiorari on May 26, 2011. It sent the Remittitur to the

Greenville County Clerk of Court on June 13, 2011.

## HABEAS ALLEGATIONS

Petitioner filed his petition on August 8, 2011, in which he raises the following allegations:

| | |
|---|---|
| GROUND ONE: | Failure to preserve issue for higher court. |
| SUPPORTING FACTS: | Petitioner requests this court to grant leave and to temporarily suspend his tolling period in which he is required to file Federal Habeas corpus, so he can repetition the Common Plea court to rule on a claim raised at the PCR hearing that was not ruled upon. S.C. Code Ann Sect. 17-27-80 requires the PCR court to make specific findings of fact, and state expressly its conclusion of law, relating to each issue presented. Issue was raised at PCR hearing. (See attached documents) |
| GROUND TWO: | Failure to object to plea recommendation given by the solicitor, but advised petitioner the pleas were straight up and entered without recommendation. |
| SUPPORTING FACTS: | Counsel informs the petitioner there is no recommendation to the one arm robbery case in which he pled. Petitioner testifies that the plea was straight and no recommendation at all. Counsel Daniel Farnsworth testifies to the exact same thing refer to the PCR transcript p. 74, lines 16-17, p. 68 lines 2-3. Counsel wrongfully advised the petitioner to plead guilty to negotiation violated by the solicitor. This violated the petitioner's 6th amendment. (See attached documents). |

(Plaintiff's brief.).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

A.  Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the

---

[2]  As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in

claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976).

---

> 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3] §2254(b) and (c) read as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts.  See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B.  Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocense to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, Id. Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), *cert. denied*, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## **ANALYSIS**

Respondent argues that Ground One is requesting that the court toll the period for filing his habeas petition so that he can return to state court to have the court rule on Ground Two which is an issue that was raised at PCR but not ruled upon by the PCR judge. By order of April 17, 2012, the court previously denied Petitioner's request to stay his habeas corpus petition so that he could return to state court to exhaust an issue raised in his habeas petition. Therefore, Ground Two is the only ground raised in the habeas petition presently before this court.

In Ground Two, Petitioner argues that counsel was ineffective for failing to object to the plea recommendation given by the solicitor when he had advised Petitioner that the pleas were "straight up" and entered without recommendation. Petitioner argues that after he was told there was no recommendation as to a sentence, the solicitor recommended a 25 year sentence to the court and counsel did not object. Respondent argues that Ground two was raised at PCR but not ruled upon by the PCR court such that it is procedurally barred from habeas review.

In his response in opposition to the motion for summary judgment, Petitioner states the following:

> Petitioner asserts that counsel's alleged error was at his evidentiary hearing from an initial-review collateral proceedings. On February 25, 2009, during the evidentiary hearing petitioner raised the claim of ineffective assistance of counsel (because his lawyer advised him that there no recommendation behalf of the state to the (5) charges he pled to and that the plea was straight up). Counsel failed to object when the state re[c]ommended twenty-five year sentence during the guilty plea. This issue was presented befor[e] the (PCR) court. Although it was presented befor[e] the judge, he failed to make a ruling on this issue and have it preserved for appellate review.
>
> . . .
>
> Petitioner received numerous letters from his (PCR) attorney, stating that she will assure that the record will reflect all issues and that all issues be ruled on. Counsel failed to do so which is why the issue that is presented in the Federal Habeas petition is procedurally barred. However, failing to address the merits of issue's which have been fairly raised in these actions does nothing to alleviate these problems but rather exerberates [sic] them.

9

(Doc.#56).

At the hearing, trial counsel testified in regard to this issue as follows:

Q:      Did the State make a recommendation?

A:      There was a recommendation when I got involved with the case that on all six of the armed robberies and accompanying cases that he would receive a 25 year sentence total on all the cases. The accompanying cases it would be concurrent time with 25 years. There wasn't any mention of life without parole or anything like that.

Q:      Well, clearly, he didn't plead to all six armed robbery cases that day. What as the recommendation for the State just for these charges that he pled to?

A:      My understanding there was no recommendation at all to that case. It was a straight up plea and I told Mr. Sullivan that.

(Tr. 74).

In the PCR court's Order of Dismissal, the PCR judge noted that "[t]he Applicant testified he believed he was pleading guilty without a recommendation and would not have pled guilty if he had known he would receive twenty-five (25) years." (Tr. 93). The PCR judge also noted that "[p]lea counsel stated that, contrary to the State's mention of twenty-five (25) year recommendation in the plea transcript, there was no recommendation in this case. Plea counsel testified he advised the Applicant he could be facing a life sentence if he was unsuccessful at trial." (Id.). The PCR judge did not make a ruling on this direct issue in the PCR Order of Dismissal.[4] Petitioner failed to properly request a ruling

---

[4] The PCR Judge found the following:

> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.
>
> The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. The Applicant also

10

pursuant to Rule 59(e), SCRCP.[5] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[6] Petitioner admits in his response that it was not ruled on at PCR. Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Two be dismissed as procedurally barred.

In the alternative, even if this issue is not procedurally barred[7], the issue still fails. The PCR Judge stated in the order in discussing a completely different issue that "[t]he Applicant received the sentence that was recommended by the State before he entered the courtroom to plead guilty. (Plea

---

> told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel. And had not been coerced in any way.

(Tr. 94).

[5] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[6] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

[7] If procedurally barred, we look to cause and prejudice. A Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). In the alternative discussion above, cause and prejudice have been addressed within the Strickland analysis. Petitioner has failed to show cause and/or prejudice.

transcript, p. 14)." (Tr. 96). Furthermore,

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In Strickland, 466 U.S. at 687, the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. Id. at 688–89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances.[8] In order to prevail on a claim of ineffective assistance of counsel pertaining to

---

[8] A guilty plea generally precludes a petitioner from challenging defects in the process that occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by

a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Petitioner has not proven error or prejudice as required by Strickland. Even assuming, *arguendo,* that Petitioner's counsel did commit error with respect to failing to object to the solicitor stating there was a recommendation of twenty-five years, Petitioner has not shown prejudice. Petitioner was in court at the time the solicitor stated there was a recommendation of 25 years[9], Petitioner signed sentence sheets stating there was a recommendation by the state (Tr. 22, 23, 26, 29, 30), and Petitioner did not object to the solicitor's statement. Petitioner testified that counsel had advised him that if he went to trial and lost, he could face a possible life sentence in prison. (Tr. 65-66 ). Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless

---

showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

[9] During the plea colloquy, the sentencing judge advised Petitioner that he was receiving twenty-five years for each of the two kidnaping charges, twenty-five years for armed robbery, five years for weapons charge, and fifteen for burglary. These charges were to run concurrent.

and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[10]

Accordingly, the undersigned recommends that Respondent's motion for summary judgment be granted with respect to Ground Two.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #47) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 18, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[10] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)); Larrivee v. Warden, Me. State Prison, 2000 WL 760971,* 6 (D.Me.2000) ("A defendant's representation at the plea hearing are a 'formidable barrier' in collateral proceedings in which he attempts to take a different position.").