**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Quentin Marquise Sullivan,                )<br>                              Petitioner,   )<br>                                          )<br>v.                                        )<br>                                          )<br>Anthony Padula, Warden,                   )<br>                                          )<br>                              Respondent.  )<br>_____)  | Civil Action No.: 4:11-2045-MGL<br><br>**OPINION AND ORDER** |

On August 8, 2011, Petitioner Quentin Marquise Sullivan ("Petitioner"), an inmate of the South Carolina Department of Corrections, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No.1.) Respondent filed a Return and a Motion for Summary Judgment on March 15, 2012. (ECF Nos. 46 & 47.) A *Roseboro* Order done in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) was entered on March 16, 2012, and provided Petitioner with an explanation of dismissal/summary judgment procedures. (ECF No. 48.) Petitioner filed no response in opposition to the Motion for Summary Judgment. The case was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina. The Magistrate Judge issued a Report and Recommendation ("Report") on December 18, 2012, recommending that the Respondent's Motion for Summary Judgment be granted and that Petitioner's Petition for Writ of Habeas Corpus be denied and the Petition dismissed without an evidentiary hearing. (ECF No. 63.) For the reasons set forth herein, this Court adopts the Report and Recommendation and Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas

Corpus relief is **DISMISSED.**

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Petitioner is presently confined in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted by the Greenville County Grand Jury in October 2006 for armed robbery (2006-0S-23-9362, count 1); possession of a weapon during the commission of a violent crime (2006-0S-23-9362, count 2); second-degree burglary (violent) (2006-0S-23-9363); and two counts of kidnapping (2006-0S-23-9364, -9365). He was represented by Daniel J. Farnsworth, Esquire ("Trial Counsel") on these charges and on October 31, 2007, he plead guilty before the Honorable Edward W. Miller ("Trial Judge"). (ECF No. 46-1 at 3-21.) Judge Miller sentenced Petitioner to concurrent sentences of twenty-five years imprisonment for armed robbery; five years for possession of a weapon during the commission of a violent crime; fifteen years for second-degree burglary (violent); and twenty-five years for each count of kidnapping. (ECF No. 46-1 at 21-34.) Petitioner did not appeal his conviction or sentence. (ECF No. 46-1 at 38-39.)

Petitioner filed a *pro se* Post-Conviction Relief ("PCR") application on May 23, 2008, alleging ineffective assistance of counsel, involuntary guilty plea, and coercion and more specifically stating that his "lawyer wrongfully advised him." (ECF No. 46-1 at 35-40.) The State filed its return on August 4, 2008. (ECF No. 46-1 at 43-49.) The Honorable John C. Few ("PCR Judge") held an evidentiary hearing on the matter on February 25, 2009. (ECF No. 46-1 at 50-91.) Petitioner was represented at the hearing by Susannah C. Ross,

Esquire ("PCR Counsel"). (ECF No. 46-1 at 50.) On July 14, 2009, Judge Few entered an Order of Dismissal in which he denied the requested relief and dismissed the PCR application with prejudice. In his Order of Dismissal, Judge Few addressed Petitioner's claims that: he entered an involuntary guilty plea; trial counsel was ineffective because counsel did not consult with him about an appeal and perfect an appeal; and that trial counsel was ineffective because counsel failed to properly investigate his case. (ECF No. 46-1 at 92-100.) Petitioner, through PCR Counsel, filed a notice of appeal on August 5, 2009. (ECF No. 46-3 at 1-4.) A Petition for Writ of Certiorari was filed on April 5, 2010, by Appellate Defender Kathrine H. Hudgins ("PCR Appellate Counsel") presenting the sole question of error by the PCR judge in refusing to find counsel ineffective for failing to object to the recommendation of a 25 year sentence when counsel had advised Petitioner that the pleas were being entered without recommendation. (ECF No. 46-5 at 1-8.) The State's Return was filed on May 13, 2010. (ECF No. 46-6 at 1-10.) The South Carolina Supreme Court issued an order denying the Petition for Writ of Certiorari on May 26, 2011. (ECF No. 46-7.) The Remittitur was sent to the Greenville County Clerk of Court on June 13, 2011. (ECF No. 46-8.)

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising two grounds for relief: 1) failure to preserve issue for higher court as the issue of trial counsel's failure to object to the State's recommendation was raised at the PCR hearing but not ruled upon; and 2) trial counsel's failure to object to plea recommendation in light of counsel's advice to Petitioner. (ECF No. 1 at 5-7.) The Magistrate Judge considered these grounds in conjunction with the applicable law and the undisputed facts. The Magistrate Judge noted that the first ground raised in the Petition

was addressed by the court in an April 17, 2012, order denying Petitioner's Motion to Stay his federal habeas corpus petition so that he could return to state court to exhaust the issue of ineffective assistance of counsel. (ECF Nos. 44 & 53.) Thus, the Magistrate Judge correctly focused his attention on the second ground raised in the Petition. Further, this Court has addressed remaining aspects of Ground One of the Petition below in response to Petitioner's objections.

As noted by the Magistrate Judge, in Ground Two, Petitioner argues that counsel was ineffective for failing to object to the plea recommendation given by the Solicitor when he had advised Petitioner that the pleas were "straight up" and would be entered without recommendation. Petitioner contends that after he was told there was no recommendation as to a sentence, the Solicitor recommended a 25 year sentence to the court and Trial Counsel did not object. Respondent contends that this issue was raised at the PCR hearing but not ruled by the PCR Judge such that it is procedurally barred from habeas review. (ECF No. 46 at 6-8.) The Magistrate Judge found that Petitioner's failure to request a ruling on this specific issue in the PCR Order of Dismissal pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure results in a procedural bar in accordance with *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (S.C. 2007) and *Coleman v. Thompson*, 501 U.S. 722 (1991). The Magistrate Judge further concluded that Petitioner's claims would be subject to dismissal on the merits as Petitioner failed to prove error or prejudice as required by *Strickland v. Washington*, 466 U.S. 688 (1984). Accordingly, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted and that the Petition for Writ of Habeas Corpus be denied. (ECF No. 63.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## PRO SE PETITIONS

*Pro se* complaints and petitions should be construed liberally by this Court. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), *cert. denied*, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## DISCUSSION

Petitioner filed written objections to the Magistrate Judge's Report and Recommendation and the Court has considered them fully. (ECF No. 65.) The Court also granted Petitioner two extensions of time in which to file supplemental objections to the

Report. (ECF Nos. 68 & 73.) Having received no further objections, the matter is ripe for review. Petitioner generally claims that the Magistrate Judge failed to properly address both grounds of his federal habeas petition[1] and then states several more specific objections concerning the Magistrate Judge's treatment of the Petition. (ECF No. 65 at 1.) As a first issue, Plaintiff raises an objection to the Magistrate Judge's analysis on pages 10-11 of the Report, claiming that both grounds are clear on the record. (ECF No. 65 at 2.) Petitioner then acknowledges that the issue of whether Trial Counsel was ineffective for failing to object to the recommendation of a 25 year sentence when counsel advised Petitioner that the pleas were to be entered without recommendation was not preserved for federal review. (ECF No. 65 at 2.) Petitioner argues that PCR Counsel failed to ensure that all issues were ruled upon by the PCR Judge which subsequently caused Ground Two of his habeas petition to be barred. (ECF No. 65 at 2-3.) Petitioner attached correspondence received from PCR Counsel which indicated that she intended to ensure that the final PCR order ruled on all issues presented at the hearing. (ECF No. 65 at 4-5.)

As noted, Plaintiff admits that he is procedurally barred from raising the failure to object issue in his federal habeas petition but asks that this Court reopen the record for a ruling on Ground Two of his Petition. (ECF No. 65 at 3.) To summarize Petitioner's objection, Petitioner seemingly claims that his PCR Counsel was also ineffective. This, however, is not a proper basis for a § 2254 petition and to the extent Petitioner attempts to raise a free-standing claim, in the instant habeas action, that his PCR Counsel was

---

[1] A "'specific written objection'" is needed to trigger review by this Court. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *see also Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011).

ineffective, that claim is not cognizable here.  *See* 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

To the extent Petitioner claims that *Martinez v. Ryan*, —U.S.—, 132 S.Ct. 1309 (2012) allows him to overcome his procedural default, the Court will address the issue here. On March 20, 2012, the United States Supreme Court decided the case of *Martinez v. Ryan* and considered "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 132 S.Ct. at 1313.  Stated in other terms, the precise question at issue in *Martinez* was: "whether ineffective assistance in an initial-review collateral proceeding[2] on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. at 1315.  The Supreme Court addressed this issue in light of its holding under *Coleman v. Thompson*, 501 U.S. 722 (1991) which set forth a general rule that there is no constitutional right to counsel in collateral proceedings, and therefore, an attorney's errors in the proceeding do not establish cause for a procedural default.  Revisiting the broad pronouncement made in *Coleman*, the *Martinez* Supreme Court declared that its opinion "qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

---

[2]*Martinez* defines an initial-review collateral proceeding as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315.  The PCR hearing at issue here would be one such example.

*Martinez*, 132 S.Ct. at 1315 (emphasis added). In *Martinez*, the Supreme Court held that "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. More to the point, "a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *See Martinez*, 132 S.Ct. at 1318. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. Although *Martinez* does not give Petitioner a § 2254 "ground for relief" to assert, "it does not stop [Petitioner] from using it to establish 'cause'" on equitable grounds. *Id.* at 1320. Thus, *Martinez* creates a narrow equitable ruling, not a constitutional ruling, whereby a prisoner can establish cause for a procedural default.

In accordance with *Martinez*, this Court now considers whether cause existed to overcome the procedural default of Petitioner's claims of ineffective assistance of trial counsel. As noted above, "a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim *should have been raised*, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *S ee Martinez*, 132 S.Ct. at 1318 (emphasis added). Here, the ineffective assistance of counsel claim at issue

was in fact raised generally in Petitioner's PCR application and raised more pointedly at the PCR hearing. Trial counsel's failure to object, however, was not ruled upon by the PCR Court and was not raised in a Rule 59(e) motion pursuant to the South Carolina Rules of Civil Procedure.[3] Without addressing whether Petitioner's claims were "properly presented" in the state court as part of the initial-review collateral proceeding, the Court finds that Petitioner's claims are still subject to dismissal because he cannot meet the standards of *Strickland. See generally Martinez*, 132 S.Ct. at 1313.

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must show that the counsel's "representation fell below an objective standard of reasonableness," and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Judicial scrutiny of counsel's performance is highly deferential because "it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* at 689. Thus, "every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* There is, therefore,"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[3]If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17–27–80, counsel for the petitioner must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (S.C. 2007).

different." *Id.* at 694. To meet the prejudice requirement on review of a guilty plea, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1485 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

The Magistrate Judge addressed Petitioner's claims in light of the *Strickland* standard. He concluded that, even assuming that Petitioner's counsel committed error with respect to failing to object to the Solicitor's recommendation, Petitioner has failed to show prejudice. (ECF No. 63 at 13.) The Magistrate Judge noted that Petitioner was in court at the time the Solicitor stated there was a recommendation of 25 years[4] and that Petitioner signed sentencing sheets stating there was a recommendation by the State. (ECF No. 63

---

[4]Petitioner objects to the Magistrate Judge's conclusion that Petitioner did not object to the Solicitor's statement. (ECF No. 65 at 9.) This Court has reviewed the plea colloquy in its totality. Although Petitioner did indicate that he did not understand the recommendation and its ramification in its entirety, the Trial Judge subsequently explained the recommendation and its significance. Petitioner then stated that he understood the recommendation. (ECF No. 46-1 at 17.) The hearing continued and before he was sentenced, Petitioner indicated that he desired the Judge to "go for it . . ." without "tear[ing] his head in half." (ECF No. 46-1 at 20.) From the record, it appears clear that Petitioner had a full understanding of the consequences of his plea and the charges made against him. He only hoped that the Trial Judge would issue a light sentence. This does not create a basis for Petitioner to later argue that his plea was invalid. *See Blackledge v. Allison*, 431 U.S. 63 (1997); *Roddy v. State*, 339 S.C. 29, 36, 528 S.E.2d 418 (S.C. 2000).

at 13.)  The Magistrate Judge also stated that Petitioner failed to object to the Solicitor's statement.  Further, by Petitioner's own admission, he was aware that if he went to trial and lost, he could face a possible life sentence in prison.  (ECF No. 46-1 at 67-68.)  Yet, Petitioner indicates that he would not have plead guilty if he knew the Solicitor would recommend 25 years.  (ECF No. 65 at 10.)  Even if this statement is subjectively true, the decision to go to trial would not have been objectively reasonable given that Petitioner was aware that he was facing a maximum possible sentence of 110 years on the charges. (ECF No. 46-1 at 7-10, 69-70.)

The Court agrees that Petitioner has not satisfied the prongs of *Strickland*, and therefore, *Martinez* does not aid Petitioner because the underlying ineffective assistance of counsel claim has no merit.  Specifically, the Court finds that Petitioner has failed to demonstrate any prejudice as a result of counsel's alleged errors.  Because the Court finds that Petitioner has failed to demonstrate the requisite prejudice to prevail on his claims of ineffective assistance of counsel, the Court need not address whether counsel's performance was deficient.  *Strickland*, 466 U.S. at 697 (noting that the "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

Finally, to the extent Petitioner argues that PCR Counsel was ineffective for failing to file the Rule 59(e) motion (ECF No. 65 at 3), the Court notes that this argument was not raised on PCR appeal by Petitioner's PCR Appellate Counsel, the South Carolina Office of Appellate Defense (ECF No. 46-5 at 1-8 ), and is therefore procedurally barred.[5]  *See*

---

[5]The sole issue raised in the PCR appeal is whether the "PCR judge err[ed] in refusing to find counsel ineffective for not objecting when the State recommended a 25

*Smith v. Murray*, 477 U.S. 527, 533 (1986) (stating that procedural bar of a constitutional claim in an earlier state proceeding forecloses consideration by federal courts); *see also Windley v. Padula*, No. 1:11-2304-TMC, 2012 WL 4478388, at *3 (2012).  The Magistrate Judge set forth the standards on the doctrines of exhaustion and procedural bypass which are applicable on this issue.  (ECF No. 63 at 5-7.)  In South Carolina, "[e]xhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review."  *Gibson v. State*, 329 S.C. 37, 42, 495 S.E.2d 426 (S.C. 1998).  Generally, pursuant to the exhaustion doctrine, a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue.  *See* 28 U.S.C. §2254.  Procedural bypass, otherwise referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In this instance, the petitioner has bypassed his state remedies and is therefore procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  A federal court has jurisdiction to consider procedurally barred habeas claims upon a showing of: (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation.'"  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements

---

year sentence but counsel advised Petitioner that pleas were being entered without recommendation."  (ECF No. 46-5 at 3.)  In the brief argument, at most, PCR Appellate Counsel only challenges the effectiveness of Petitioner's Trial Counsel in the context of challenging Petitioner's guilty plea. (ECF No. 46-5 at 5-6.)

and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Here, as evidenced by the discussion above, Petitioner has not shown sufficient cause or prejudice to excuse his default concerning the ineffectiveness of PCR counsel. He has not argued that his PCR Appellate Counsel was ineffective for failing to raise this issue on PCR appeal and does not otherwise state any cause for the procedural default of the claim that PCR counsel was ineffective for failing to file a Rule 59(e) motion. Petitioner has also made no demonstration of a miscarriage of justice, e.g., actual innocence, in the alternative. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

## CONCLUSION

The Court has reviewed the Magistrate Judge's Report, Petitioner's objections, and the record and has conducted a *de novo* review of the issues raised in this case. The Court is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254 in light of the applicable law. Based on the forgoing, the Court adopts the Report and Recommendation of the Magistrate Judge to the extent it is consistent with this Order. Petitioner's objections are overruled. For the reasons set forth herein and in the Report of the Magistrate Judge, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.** The Court is in receipt of Petitioner's letter to the Court requesting another extension of time to file an amendment to his objections. This request was docketed on March 6, 2013. (ECF No. 77.) Petitioner filed objections (ECF No. 65), which this Court fully considered. This Court also granted Petitioner's two previous requests for extensions to file an amendment

to his objections. Because Petitioner has been afforded sufficient time to respond to the Report and Recommendation, Petitioner's third request is DENIED.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

March _8, 2013
Spartanburg, South Carolina